UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KOLMAR GROUP AG,                         :        07 Civ.  10343 (LAK)
                                                          :
                    Plaintiff,                          :        ECF CASE
                                                          :
        - against -                                   :
                                                          :
TRAXPO ENTERPRISES PRIVATE       :
LIMITED a/k/a TRAXPO ENTERPRISES  :
PVT LTD.,                                             :
                                                          :
                    Defendant.                     :
-------------------------------------------------------X

### AFFIDAVIT OF SERVICE

State of Connecticut   )
                                 )        ss:        Town of Southport
County of Fairfield      )

        KEVIN J. LENNON, having been duly sworn, deposes and states the following

under oath:

        1.        I am a member in good standing of the Bar of this Court and an attorney in

the law firm of Lennon, Murphy & Lennon, LLC, which represents the interests of the

Plaintiff herein.

        2.        Notice of the Plaintiff's maritime attachment, including a copy of the

Plaintiff's Verified Complaint and all other pleadings entered in this matter, was provided

to the Defendant on or about December 28, 2007 in conformity with Local Admiralty

Rule B.2. *See Exhibit 1 attached.*

        3.        Notice of the Initial Conference Order setting this matter down for a pre-

trial conference on January 18, 2008 at 10:45 a.m. was also provided to the Defendant on

or about December 28, 2007. *See Exhibit 1 attached.*

Dated: Southport, CT
      January 18, 2008

Kevin J. Lennon

Sworn to and subscribed before me this
18th day of January 2008.

Commissioner of Superior Court

# EXHIBIT 1

√1247

# LENNON, MURPHY & LENNON, LLC — *Attorneys at Law*

The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
*phone* (212) 490-6050
*fax* (212) 490-6070

Patrick F. Lennon - *pfl@lenmur.com*
Charles E. Murphy – *cem@lenmur.com*
Kevin J. Lennon - *kjl@lenmur.com*
Nancy R. Peterson - *nrp@lenmur.com*

Tide Mill Landing
2425 Post Road
Southport, CT 06890
*phone* (203) 256-8600
*fax* (203) 256-8615

December 28, 2007

*Via DHL*
*Via Facsimile: 011 91 33 2269 5384 / 011 91 22 4030 4650*
*Via E-Mail:* saraswati@traxpo.com / sktapuriah@traxpo.com
Traxpo Enterprises Private Limited
Tapuriah House
42/1 Strand Road
Kolkata – 700 0007
India

> **Re:** **Kolmar Group AG v. Traxpo Enterprises Private Limited**
> **Docket No:    07 Civ. 10343 (LAK) – U.S. District Court, SDNY**
> **LML ref: 07-1247**

Dear Sir or Madam:

We represent the Plaintiff, Kolmar Group AG, in the above referenced lawsuit. We write to advise you that pursuant to an ex parte order of maritime attachment and garnishment issued in the above referenced lawsuit, your property was attached at Wachovia Bank on or about December 19, 2007 in the amount of $30,000.

Please find attached to this letter the following pleadings filed in the above referenced lawsuit including, the Complaint, Affidavit in Support, Rule 7.1 Statement, Ex-Parte Order, Process of Attachment, Initial Conference Order and also the Individual Rules for Honorable Judge Lewis A. Kaplan.

Should you have any questions or concerns, please contact us at your convenience.

This letter is sent pursuant to Local Rule B.2 of the Local Rules for the United States District Court for the Southern District of New York.

Very truly yours,

Kevin J. Lennon

KJL/bhs
Encl.

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
|---|---|---|

KOLMAR GROUP AG

## SUMMONS IN A CIVIL ACTION

V.

TRAXPO ENTERPRISES PRIVATE LIMITED
a/k/a TRAXPO ENTERPRISES PVT LTD,

CASE NUMBER:

**07 CV 10343**

**JUDGE KAPLAN**

TO: (Name and address of Defendant)

TRAXPO ENTERPRISES PRIVATE LIMITED
Tapuriah House, 42/1, Strand Road
Kolkata - 700 007
India

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

LENNON, MURPHY & LENNON, LLC
The Gray Bar Building
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 49006070 - fax

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

NOV 1 5 2007

CLERK

_Marcos Quintero_

(By) DEPUTY CLERK

DATE

%AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER (PRINT) | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                    Date                    Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JUDGE KAPLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X

KOLMAR GROUP AG,

        Plaintiff,

  - against -

TRAXPO ENTERPRISES PRIVATE
LIMITED a/k/a TRAXPO ENTERPRISES
PVT LTD.,

        Defendant.
-----------------------------------------------X

07 CV 10343

ECF CASE



## DISCLOSURE OF INTERESTED PARTIES
## PURSUANT TO FEDERAL RULE 7.1

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure to enable Judges and

Magistrates of the Court to evaluate possible disqualification or recusal, the undersigned attorney

of record for the Plaintiff certifies that the following are corporate parents or U.S. companies that

hold 10% or more of its stock: None.

Dated: November 15, 2007

               The Plaintiff,
               KOLMAR GROUP AG

               By: _____
               Patrick F. Lennon (PL-2162)
               Kevin J. Lennon (KL-5072)
               Charles E. Murphy (CM-2125)
               LENNON, MURPHY & LENNON LLC
               The GrayBar Building
               420 Lexington Avenue, Suite 300
               New York, NY 10170
               (212) 490-6050 - phone
               (212) 490-6070 - facsimile
               *pfl@lenmur.com*
               *kjl@lenmur.com*
               *cem@lenmur.com*

LENNON, MURPHY & LENNON LLC
Attorneys for Plaintiff
KOLMAR GROUP AG
Patrick F. Lennon
Kevin J. Lennon
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
KOLMAR GROUP AG,                              :

                    Plaintiff,               :      **ECF CASE**

        - against -                          :

TRAXPO ENTERPRISES PRIVATE                   :
LIMITED a/k/a TRAXPO ENTERPRISES             :
PVT LTD.,                                    :
                                             :
                    Defendant.               :
-------------------------------------------------X

JUDGE KAPLAN

07 Civ. CV 10343

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                      )      ss: Town of Southport
County of Fairfield   )

        Kevin J. Lennon, being duly sworn, deposes and says:

        1.      I am a member of the Bar of this Court and represent the Plaintiff herein. I am

familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the

issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the

Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

## DEFENDANT IS NOT PRESENT IN THIS DISTRICT

2.     I have attempted to locate the Defendant, TRAXPO ENTERPRISES PRIVATE
LIMITED a/k/a TRAXPO ENTERPRISES PVT LTD. within this District. As part of my
investigation to locate the Defendant within this District, I checked the telephone company.
information directory, as well as the white and yellow pages for New York listed on the Internet
or World Wide Web, and did not find any listing for the Defendant within this district. Finally, I
checked the New York State Department of Corporations' online database which showed no
listing or registration for this Defendant. I was also unable to find any information to indicate
that the Defendant has a general or managing agent within this District.

3      I did locate a website believed to be operated and managed by the Defendant
which is hosted at www.traxpo.com. However, a review of that website fails to reveal any
presence within this District.

4.     I submit based on the foregoing that this Defendant cannot be found within this
District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and
Maritime Claims.

5.     Upon information and belief, the Defendant has, or will have during the pendency
of this action, tangible and intangible property within this District and subject to the jurisdiction
of this Court, held in the hands of in the hands of garnishees within this District, which are
believed to be due and owing to the Defendant.

6.     This is Plaintiff's first request for this relief made to any Court.

2

## PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER

7.      Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil ·
Procedure, for an Order appointing the undersigned, Patrick F. Lennon, Charles E. Murphy,
Nancy Peterson or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon,
LLC, including Gotham Process Service, be appointed, in addition to the United States Marshal,
to serve the Ex Parte Order, Process of Maritime Attachment and Garnishment and the Verified
Complaint, together with any interrogatories, upon the garnishee(s), together with any other
garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may
hold assets of, for or on account of, the Defendant.

8.      Plaintiff seeks to serve the prayed for Ex Parte Order and Process of Maritime
Attachment and Garnishment with all deliberate speed so that it may be fully protected against
the potential of being unable to satisfy a judgment ultimately obtained by Plaintiff and entered
against the Defendant.

9.      To the extent that this application for an Order appointing a special process server
with respect to this attachment and garnishment does not involve a restraint of physical property,
there is no need to require that the service be effected by the Marshal as it involves simple
delivery of the Ex Parte Order and Process of Maritime Attachment and Garnishment to the
various garnishes to be identified in the writ.

## PRAYER FOR RELEIF TO SERVE LATER IDENTIFIED GARNISHEES

10.      Plaintiff also respectfully requests that the Court grant it leave to serve any
additional garnishee(s) who may, upon information and belief obtained in the course of this
litigation, to be holding, or believed to be holding, property of the Defendant, within this District.

3

Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

## PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

11.    Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served through the next day, provided that process is served the next day, to authorize service of process via facsimile or e-mail following initial *in personam* service.

Dated: November 14, 2007
       Southport, CT

Kevin J. Lennon

Sworn and subscribed to before me
this 14th day of November, 2007.

NOTARY PUBLIC

4

LENNON, MURPHY & LENNON LLC
Attorneys for Plaintiff
KOLMAR GROUP AG
Patrick F. Lennon
Kevin J. Lennon
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile

RECEIVED
NOV 1 5 2007
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE KAPLAN

07 CV 10343

------------------------------------X

KOLMAR GROUP AG,                    :

              Plaintiff,            :

      - against -                   :

                                    :        ECF CASE

TRAXPO ENTERPRISES PRIVATE          :
LIMITED a/k/a TRAXPO ENTERPRISES    :
PVT LTD.                            :

                                    :
              Defendant.            :
------------------------------------X

## VERIFIED COMPLAINT

      Plaintiff, KOLMAR GROUP AG. (hereinafter referred to as "KOLMAR" or "Plaintiff"),

by and through its attorneys, Lennon, Murphy & Lennon LLC, as and for its Verified Complaint

against the Defendant, TRAXPO ENTERPRISES PRIVATE LIMITED a/k/a TRAXPO

ENTERPRISES PVT LTD. (hereinafter referred to as "TRAXPO" or Defendant) alleges, upon

information and belief, as follows:

      1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this

matter is also present pursuant to this Court's federal question jurisdiction, 28 United States

Code § 1331.

2.    At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of Switzerland.

3.    Upon information and belief, Defendant TRAXPO was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law, with a place of business in Calcutta, India.

4.    By a sales contract dated August 27, 2007, and any amendments thereafter, KOLMAR purchased a quantity of 15,000 - 18,000 metric tons of methanol (hereinafter referred to as "cargo") from TRAXPO. The sales contract at clause (9) "Maritime Conditions" defined the rights and obligations of the parties concerning laytime and demurrage[1] and incorporated by reference the Asbatankvoy standard form charter party. The sales contract at clause (14), entitled "Jurisdiction," required the parties to submit to the jurisdiction of the High Court of London without recourse to arbitration. A copy of the sales contract is attached hereto as Exhibit 1.

5.    KOLMAR chartered the M/V "Fairchem Mustang" from non-party Fairfield Chemical Carriers to carry the cargo from the loadport of Kandla, India to the discharge port(s) of Houston and/or New Orleans, United States.

6.    The terms of the M/V "Fairchem Mustang" charter party provided that KOLMAR would be liable for demurrage at the rate of $20,000 per day, pro rata for delay in loading the cargo beyond the agreed upon laytime. . Defendant TRAXPO materially breached the sales contract, specifically including but not limited to the maritime conditions set forth therein (including the terms of the Asbatankvoy charter party form incorporated therein), in that it failed to provide the minimum cargo specified in the sales contract, failed to timely supply cargo to the vessel, failed to provide cargo within the specifications called for in the contract and otherwise

---

[1] Demurrage is a liquidated damage for delay set forth in a charter party that requires a charterer to pay to owner when the vessel is prevented from the loading or discharging of cargo within the stipulated laytime (i.e., the maximum time permitted in the charter party for cargo operations)

2

delayed the timely loading of the vessel, KOLMAR incurred $381,101.40 in demurrage to non-party Fairfield Chemical Carriers. Such demurrage is for TRAXPO's account.

7.     On or about October 22, 2007 KOLMAR served TRAXPO with its demurrage claim. A copy of the demurrage claim is attached hereto as Exhibit 2.

8.     By way of TRAXPO's breach of the sales contract KOLMAR also incurred costs for the shifting of the M/V "Fairfield Mustang" from the loading berth to a layberth while TRAXPO was arranging for cargo to be delivered to the vessel. The shifting expenses were $5,162.33 as per the communication received from agents for Fairfield Chemical Carriers. A copy of the communication evidencing the shifting expenses is attached hereto as Exhibit 3.

9.     By way of TRAXPO's breach of the sales contract KOLMAR also incurred deadfreight[2] to Fairfield Chemical Carriers due to TRAXPO's failure to deliver a minimum of 18,000 metric tons of cargo for loading aboard the M/V "Fairfield Mustang." KOLMAR was obligated to provide a minimum of 17,500 metric tons of cargo under its charter party with Fairfield Chemical Carriers but TRAXPO was able to deliver only 17,273.743 metric tons to the vessel thereby creating a shortfall of 226.257 metric tons at the charter party rate of $73 per metric tons. KOLMAR has thus incurred deadfreight of $16,516.76. Such deadfreight is for TRAXPO's account. A copy of Fairfield Chemical Carrier's freight invoice issued to TRAXPO is attached hereto as Exhibit 4.

10.     As a result of TRAXPO's aforesaid breaches of the sales contract, KOLMAR has sustained damages in the total principal amount of $402,780.49, exclusive of litigation costs and attorneys' fees.

---

[2] Deadfreight is a liquidated damage payable by the charterer, or shipper, of cargo to the vessel owner for the failure, or inability, to load the cargo quantity agreed in the charter party. The amount owed being equivalent to the owner's loss of freight due to the cargo quantity not being loaded as agreed in the charter party.

11.     The aforesaid sales contract provides that disputes will be adjudicated in the High Court of London with English law to apply. KOLMAR is preparing to commence an action in the High Court of London and expressly reserves its rights to litigate against TRAXPO in the High Court of London as per the sales contract.

12.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party in actions brought in the High Court of London applying English law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

|   |   |   |   |   |
|---|---|---|---|---|
| A. | On the principal claim: | | | $402,780.49; |
| | | [Demurrage: | $381,101.40] | |
| | | [Shifting expenses: | $ 5,162.33] | |
| | | [Deadfreight | $ 16,516.76] | |
| B. | 3 years of interest at 7.5% per annum: | | | $138,038.34; |
| C. | Legal costs: | | | $ 50,000; and |
| D. | Legal fees: | | | $ 200,000. |
| **Total:** | | | | **$790,081.83.** |

13.     Upon information and belief and following a good faith investigation, Plaintiff avers that the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

4

14.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishee(s) within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

15.    The Plaintiff also seeks an Order from this Court recognizing, confirming and enforcing any forthcoming English judgment entered in Plaintiff's favor.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of $790,318.83;

B.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$790,318.83** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including, but not limited to, such property as may be held, received or transferred in Defendant's name, or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.    That that this Court recognize, confirm and enforce an English judgment(s) entered in Plaintiff's favor;

D.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.    That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F.    That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: Southport, CT
         November 15, 2007

The Plaintiff,
KOLMAR GROUP AG

By: _____

Patrick F. Lennon (PL-2162)
Kevin J. Lennon (KL-5072)
Charles E. Murphy (CM -2125)
LENNON, MURPHY & LENNON, LLC
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
Phone (212) 490-6050
Fax (212) 490-6070
pfl@lenmur.com
kjl@lenmur.com
cem@lenmur.com

6

## ATTORNEY'S VERIFICATION

State of Connecticut )
                  )     ss.:    Town of Southport
County of Fairfield )

     1.   My name is Patrick F. Lennon;

     2.   I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

     3.   I am a partner in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the

Plaintiff.

     4.   I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information

and belief.

     5.   The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

     6.   The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents

and/or representatives of the Plaintiff.

     7.   I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     Southport, CT
            November 15, 2007

                               Patrick F. Lennon

# EXHIBIT 1



Kolmar Group AG
Laubehof, Metallstrasse 9, 6300 Zug / Switzerland
Tel. +41 41 727 57 00  Fax  +41 41 727 57 01

## FACSIMILE TRANSMISSION

| | |
|---|---|
| To | **Traxpo Enterprises Pvt Ltd** |
| Attn | Mr. S.K. Tapuriah |
| Fax | + (91) 22 5631 1502 |
| | |
| Cc | **Meteor Kolkata** |
| Attn | Tara John |
| | |
| Date | 27th August 2007 |
| | |
| No. of pages | - 4 - (including cover page) |

---

**Kolmar's Purchase of 15,000 – 20,000 Metric Tons, Methanol
Our Ref. 2006872**

---

We are pleased to confirm the following purchase transaction concluded with your
company on 27th August 2007:

**Methanol / Purchase Contract No: 2006872**

1) **Seller**
   Traxpo Enterprises Pvt Ltd
   Tapuriah House
   42/1 Strand Road
   Calcutta 700 007
   India
   Fax: + (91) 22 5631 1502

2) **Buyer**
   Kolmar Group AG
   Laubehof, Metallstrasse 9
   6300 Zug
   Switzerland
   Tel: + (41) 41 727 5700
   Fax: + (41) 41 727 5701
   E-Mail: operations@kolmargroup.com

1



3) Description
Methanol in accordance to IMCA specifications

| Appearance | | Clear and free of suspended matter |
|---|---|---|
| Purity % WT on dry basis | | Min. 99.85 |
| Acetone | Mg/Kg | Max 30 |
| Color PT-CO | | Max 5 |
| Water % W/W | | Max 0.1 |
| Distillation range at 760mm Hg | | Max 1.0 °C |
| Specific gravity 20° / 20° | | 0.791-0.793 |
| Potassium permanganate Time test at °15 C, minute | | Minimum 60 |
| Ethanol | Mg/Kg | Max 50 |
| Chloride as CI | Mg/Kg | Max 0.5 |
| Sulfur | Mg/Kg | Max 0.5 |
| Hydrocarbons | | Pass test |
| Carbonisable Substances (Sulphuric Acid Wash Test) Pt-Co Scale | | Max 30 |
| Acidity as Acetic Acid | Mg/Kg | Max 30 |
| Total Iron | Mg/Kg | Max 0.1 |
| Non Volatile matter | Mg/1000ml | Max 8 |

4) Quantity
15,000 – 20,000 Metric Tons, plus/minus 5 percent in Buyer's option. Quantity option to be declared by Buyer on 27th August 2007 close of Business London time.

5) Price
United States Dollars 255.00 per Metric Ton. Price for Additional 5,000 Metric Tons will be 265.00 per Metric Ton.

6) Delivery Terms
FOB Kandla, (IN). Buyer will be shipper of record and cause Bills of Lading to be issued.

7) Delivery Time
For shipment within September 2007

8) Payment Terms
At sight against Irrevocable Documentary Letter of Credit, payable against presentation of the following documents:

-     Commercial Invoice.

2



- Certificate of Quantity issued by independent surveyor, based on shore tank measurements taken immediately prior and immediately after completion of loading of vessel.

- Certificate of Quality issued by independent surveyor, evidencing that the material is in accordance with the specifications mentioned in this contract, based on samples taken immediately before loading at shore tank.

- Certificate of Origin issued by Local Chamber of Commerce certificate.

- Original signed confirmation by Master of carrying vessel certifying receipt of two sealed samples of material.

- 3/3 original Full set of charter Party Bills of Lading

### 9) Maritime Conditions
Laytime to commence 6 (six) hours from tendering of Notice of Readiness or when vessel is all fast at berth, whichever occurs first. Laytime allowed (period or rate) and demurrage rate to be agreed upon vessel nomination. All other maritime conditions to be in accordance with Asbatankvoy Charter Party form. In case of barge lifting, barge terms to apply.

### 10) Title and Risk
To pass from Seller to Buyer at load-port as material passes the incoming flange of Buyer's vessel.

### 11) Origin
Qatar and Russia

### 12) Inspection
By an independent surveyor at loading port whose findings for quantity, quality and vessel's cleanliness shall be final and binding for both parties.

### 13) Governing Law
This contract shall be governed and construed in accordance with the laws of England (without reference to any conflict of law rules). The United Nations Convention on Contracts for the International Sale of Goods shall not apply to this contract.

### 14) Jurisdiction
Each party expressly submits to the jurisdiction of the High Court of London without recourse to arbitration.

### 15) Force Majeure
Neither Seller nor Buyer shall be liable in damages or otherwise for any failure or delay in performance of any obligation hereunder other than obligation to make payment, where such failure or delay is caused by force majeure, being any event, occurrence or circumstance reasonably beyond the control of that party, including without prejudice to the generality of the foregoing, failure or delay caused by or

3



resulting from acts of god, strikes, fires, floods, wars (whether declared or undeclared), riots, destruction of material, delays of carriers due to breakdown or adverse weather, perils of the seas, embargoes, accidents, restrictions imposed by any governmental authority (including allocations, priorities, requisitions, quotas and price controls). The time of Seller to make or Buyer to receive delivery hereunder shall be extended during any period in which delivery shall be delayed or prevented by reason of any delivery hereunder shall be so delayed or prevented for more than 60 (sixty) days, either party may terminate this contract with respect to such delivery upon written notice to the other party.

16) **Assignment**
Neither Seller nor Buyer shall assign the whole or any part of its rights and obligations hereunder without prior written consent of the other party.

**Other Conditions**
Where not in conflict with the other conditions of this contract, Incoterms 2000 to apply including subsequent amendments as applicable on the date of shipment.

**Entire Agreement**
Notwithstanding anything contained in any other agreement to the contrary, this agreement contains the entire agreement between the parties with respect of the subject matter hereof and all proposals, negotiations and representations relating thereto are merged herein.

All terms and other elements of this contract are to be kept private and confidential by all parties concerned.

Operational Contacts:
Mrs. Dominique Meyer
Tel: + (41) 41 727 5729
Fax: + (41) 41 727 5701
E-mail: operations@kolmargroup.com

We are pleased to have been able to conclude this transaction with your company.

Kind Regards,

KOLMAR GROUP AG

4



Kolmar Group AG
Laubehof, Metellstrasse 9, 6300 Zug / Switzerland
Tel. +41 41 727 57 00  Fax  +41 41 727 57 01

## FACSIMILE TRANSMISSION

To          **Traxpo Enterprises Pvt Ltd**
Attn        Mr. S.K. Tapurish
Fax         + (91) 22 5631 1502

Cc          Meteor Kolkata
Attn        Tara John

Date        28th August 2007

No. of pages   - 1 - (including cover page)

---

### Kolmar's Revised Purchase of 15,000 Metric Tons, Methanol
### Our Ref. 2006872
### Amendment I

---

As mutually agreed between the parties of the above contract the following amendment
has been made:

4) **Quantity – now to read**
   15,000 Metric Tons, plus/minus 5 percent in Buyer's option. Optional 2,000 –
   3,000 Metric Tons plus/minus 5 percent, in Buyer's option.

5) **Price – now to read**
   United States Dollars 255.00 per Metric Ton for the 15,000 Metric Tons.
   United States Dollars 265.00 per Metric Ton for the optional 2,000 – 3,000
   Metric Ton.

All other terms and conditions remain unchanged.

Kind Regards,

KOLMAR GROUP AG

1

# EXHIBIT 2



October 22nd, 2007

REGISTERED
TRAXPO ENTERPRISES
PV LTD
TAPURIAH HOUSE
42/1 STRAND ROAD
CALCUTTA 700 007
INDIA

RE: Demurrage Claim - USD 381'102.40, 'FAIRCHEM MUSTANG' C/P 31.08.07
at KANDLA 26.09.07, Our Ref.: K01691, B/L Date: 18.10.07

Dear Sirs,

Herewith enclosed please find following documents concerning
the claim in reference:

- Notice of Readiness
- Time Sheet
- 9 Letters of Protest
- Summary Sheet, Laytime Calculation and Invoice

Please acknowledge receipt of the above claim and documents
by signing and returning attached copy of this letter.

Should you have any question, please contact this office and
quote the reference number.

Your prompt attention and cooperation will be appreciated.

Yours faithfully,

KOLMAR GROUP AG

Silvia Battistini

CC: METEOR PRIVATE LTD, CALCUTTA
    Attn. Mrs. Tara John



ORIGINAL

October 22nd, 2007

TRAXPO ENTERPRISES
PV LTD
TAPURIAH HOUSE
42/1 STRAND ROAD
CALCUTTA 700 007
INDIA

INVOICE  No: K01091.10

| Vessel  : FAIRCHEM MUSTANG | C/P Date: 31.08.07 |
|---|---|
| | B/L Date: 18.10.07 |
| Our Ref.: K01091 | Ctr. No.: 2012514 |
| at KANDLA | on 26.09.07 |

Demurrage incurred as per attached
Laytime Calculation and Summary Sheet

Claim amount    :  USD    391'101.40

DUE DATE: 01.11.07 .
Payment instructions:
To: Bankers Trust, New York / USA, A/C No. 04411122, for
further credit to: ING Belgium, Brussels, Geneva Branch /
Switzerland, Swift: BBRUCHGT, in favour of: Kolmar Group AG /
Zug / Switzerland, A/C CH5108387040002441783 / USD

Kolmar Group AG    Laubehof, Metallstrasse 9    Tel +41 41 727 57 00    functiontrading@kolmargroup.com
                   6300 Zug, Switzerland         Fax +41 41 727 57 01    www.kolmargroup.com

SUMMARY FOR CUSTOMER: TRAXPO

Vessel : FALKCHEM MUSTANG
Our Ref.: KJ1091
Cargo  : METHANOL

| Port | Total Cargo Quantity | Claimee's Quantity |
|------|---------------------|--------------------|
| KANDLA | 17273.743 | 17273.743 |

Net Time Used in Port(s)   : 21.93403 days ( 21d 22h 25m) (see Laytime Calculation)
Time Used for the Customer: 21.93403 days ( 21d 22h 25m)
Allowed Laytime           =  2.87896 days ( 2d 21h 06m)
Time on Demurrage         = 19.05507 days ( 19d 01h 19m)

Demurrage Rate            : 20000.00

DEMURRAGE AMOUNT          : USD 381'101.40

| EXPLANATION | Time in days | Equals |
|-------------|--------------|--------|
| Port KANDLA | 21.934030 | 21d 22h 25m |
| Allowed Laytime | 2.878960 | 2d 21h 06m |
| Time On Demurrage | - | 19d 01h 19m |

NB: On Demurrage from 29.09.07(04:06) at port KANDLA

Ack-Reference : 1

LAYTIME CALCULATION: TRAXPO

```
Cargo          : METHANOL
Vessel         : FAIRCHEM MUSTANG
Our Ref.       : K01091

Load Port      : KANDLA
Arrival Date   : 26.09.07
Laydays (Window) :
Time Starts    : 26.09.07 at 07:00(N.O.R. Allowance(6h))
Time Ends      : 18.10.07 at 07:10(Hoses Off)

Gross Time Used:  22.00694 days ( 22d 00h 10m)
Deductions     :   0.07292 days (     01h 45m)
Net Time Used  :  21.93403 days ( 21d 22h 25m)
```

| Period Starts at: | | Stops at: | | | Counts | Does Not Count | |
|---|---|---|---|---|---|---|---|
| Date | Time | Date | Time | % | Lapse | Lapse | Explanation |
| 26.09.07 | 07:00 | 03.10.07 | 07:35 | 100 | 7:00:35 | | |
| 03.10.07 | 07:35 | 03.10.07 | 09:20 | | | 01:45 | Shifting |
| 03.10.07 | 09:20 | 18.10.07 | 07:10 | 100 | 14:21:50 | | |

NB: On Demurrage from 29.09.07(04:06) at port KANDLA

Sub-reference: 1



# F A I R F I E L D

| | | | |
|---|---|---|---|
| CARGO: | METHANOL | DATE: | 26TH SEPTEMBER 2007 |
| TANK NO: | 1P,1S,2P,2S,3P,3S,4P,4S,5P,5S,<br>6P,6S,7P,7S,8P,8S,9P,9S,10P&10S | PORT: | KANDLA, INDIA |
| QTY: | 17,500 MT | VOY: | 43 |

## NOTICE OF READINESS

This is to notify you that subject vessel M/T Fairchem Mustang arrived at your port of

KANDLA, INDIA          at     0525     hours on the     22ND   day of  SEPTEMBER 2007

and that she is readiness in all respects to commence ( loading / discharging ) her cargo in accordance
with the terms and conditions of the relevant Fixture Note or Charter Party.
This Notice of Readiness Tendered at       0100     hours on the      26TH   day of  SEPTEMBER 2007 .

CAPT. M JUN. HYEOG
MASTER OF M/T FAIRCHEM MUSTANG

This Notice of Readiness accepted at        ――     Hours on the      ――     day of

――――

NOTICE OF READINESS ACCEPTED TIME SHOULD BE AS PER THE TERMS, CONDITIONS AND EXCEPTION
OF THE RELEVANT CHARTER PARTY.

L BABERCHOUT
FOR CHARTERERS REPRESENTATIVE
FOR AND ON BEHALF OF
PETRODESK B.V.
ACTING ON BEHALF OF KOLMAR



# F Ā I R F I E L D

# TIME SHEET

Vessel: __MT FAIRCHEM MUSTANG__  Voy No: __43__  Port: Kandla, India  Date: 18th October 2007
PORT
of Loading : Kandla, India

PORT
of discharge : Houston/New orleans U.S.A

| Commodity | B/L Quantity | Ships Quantity | Stowage |
|---|---|---|---|
| METHANOL | 17,273.742 M/T | 17,239,489 M/T | 1P,1S,2P,2S,3P,3S,4P,4S,5P,5S,6P |
| | | | 6S,7P,7S,8P,8S,9P,9S,10P&10S |

| | Hour | Date |
|---|---|---|
| Commence of Voyage No. 43 | 0825 hrs | 22nd September 2007 |
| Pratique Granted | | |
| Arrived at Anchorage | 1200 hrs | 22nd September 2007 |
| Anchor Aweigh | 0630 hrs | 03rd October 2007 |
| N.O.R. Tendered | 0100 hrs | 26th September 2007 |
| N.O.R. Accepted | Refer to N.O.R Certificate | |
| Pilot on Board | 0735 hrs | 03rd October 2007 |
| First Line Ashore | 0845 hrs | 03rd October 2007 |
| All Line Fast | 0920 hrs | 03rd October 2007 |
| Tanks Inspected | 1240-1630 hrs | 25th September 2007 |
| Tanks Accepted/Passed | 1630 hrs | 25th September 2007 |
| First Barge Alongside | N/A | |
| Hose Connected 1 X 6" | 1705 hrs | 03rd October 2007 |
| Commenced Loading | 0915 hrs | 04th October 2007 |
| Completed Loading | 0635 hrs | 18th October 2007 |
| Hose Disconnected | 0700-0710 hrs | 18th October 2007 |
| Ullaging & Cargo calculation | 0710-1000 hrs | 18th October 2007 |
| Document on board | 1600 -1930 hrs | 18th October 2007 |
| Last Barge Away | N/A | |

Remarks :

1230hrs 25th September 2007: Five surveyors onboard.
1230-1240hrs 25th: Held a meeting with the surveyors.
1240-1630hrs 25th: Tank Inspected and took wall wash test for HP/S to 10 P/S.
1630hrs: Tanks passed.
1845hrs 25th: Surveyor disemback
0100hrs 26th: September-0630hrs 03rd October: Vessel anchored awaited berthing instructions.
0630-0845hrs 03rd. October: Shifted to berth.
0935hrs 03rd: Gangway down.
0940hrs 03rd: Surveyors onboard.
0940-0950hrs 03rd: Held a safety meeting with the surveyors.
0950-1035hrs 03rd: Carried out visual tanks Inspection and confirmed tank condition dry/clean as found the
                   same condition as before dated 1630hrs 25th Sept. by concerned surveyors.
1035-1130hrs 03rd: Awaited loading master.
0520-0730hrs 03rd: Awaited shore readiness to connect cargo hose for commencement of loading.
                   (Refer to Letter of Protest)

# FAIRFIELD CHEMICAL CARRIERS BVBA

Eiermarkt 13-15-17
2000 Antwerp
Tel 03/224.80.20  Fax 03/224.80.28
e-mail fccbv@fairchem.be
HRA 328672    BTW BE462927748

KOLMAR GROUP AG
Att. C. Nussbaumer
Laubehof, Metallstrasse 9

CH-6300 ZUG
SWITZERLAND

## FREIGHT INVOICE

BROKERS:
VESSEL:          **FAIRCHEM MUSTANG**

DATE: 19TH October 2007
INVOICE NO. 2007-102/112124
(please mention as reference)

VOYAGE:          41
CHARTERER:       Kolmar Petrochemical A.C.
LOADED:          Xandia
DISCHARGE:       Houston and/or New Orleans
C/P:             31st August 2007
ON BOARD:        18th October 2007

| Quantity | Unit | Description | Unit Price | Amount due |
|----------|------|-------------|------------|------------|
| 17,500   | MTS  | METHANOL    | $   73.00  | $ 1,277,500.00 |

TOTAL AMOUNT DUE                                    $ 1,277,500.00

PLEASE REMIT TO:
KBC BANK
EIERMARKT 20
2000 ANTWERPEN, BELGIUM
SWIFT: KRED BE BB
FAVOR: FAIRFIELD CHEMICAL CARRIERS BVBA
USD A/C: 733-0118019-97
RE: M/T Fairchem Mustang- invoice 2007-102 – voy 41

| | LETTER OF PROTEST – SLOW LOAD RATE | |

Note of Protest

Date: 18th October 2007
Port:  Kandla, India
Voyage no: 43

To:  Shippers/Terminal/Charterer
      And/or to whom it may concern:

Dear Sirs,

Subject: Slow Loading

Cargo: METHANOL, 17,500 MT
This is to put on record the following restrictions to my vessels Loading operation:

1.  Number and size of Vessel's manifolds offered for loading:
    10 INCH X 1 COMMON LINE and  6 INCH X 20 LINE
    Number and size of Terminal connections provided for loading:
    6 INCH X 2 LINE
2.  Loadable Max. Rate by vessel: 1090 MT / H
    Shore's average Loading Rate provided: 122   MT / H

On behalf of my Owners, and / or other interested parties, I hereby note of protest for these restrictions to my vessels loading operation and hold you liable for any consequential losses, damages, claims that may be sustained on this account.

I further reserve the right to extend this protest at places and / or times convenient. Please acknowledge receipt of this protest.

Yours sincerely,

Master of
MT Fairchem Mustang

Kindly acknowledge receipt of this letter by signing

Received by:
Charters/Shippers/Terminal or
Their authorized Representative

FOR RECEIPT ONLY WITHOUT
LIABILITY OF PREJUDICE.
FOR & ON BEHALF OF
PETRO DESSA B.V.

for Receipt only And without
transmission to Concerned

Ship's Agent

Page 1

TO: Shipper/Terminal/Charterer and/or
To whom it may concern

DATE: 12ᵗʰ October 2007
PORT: Kandla, India
BERTH: Oil Jetty No. 3
VOY. : 43

# LETTER OF PROTEST

RE: SHORE DELAYS

Dear Sirs,

I, Master of MT FAIRCHEM MUSTANG on behalf of owners and other interested parties hold your Shippers/Terminal/Charterers, responsible for any/all delay expenses incurred as a result of delay during cargo work for loading, MSTEANGL nominated quantity 17500MT.

Statement of Facts:

| | |
|---|---|
| 1705hrs 03ʳᵈ Oct. 2007 | Hose connected |
| 0310hrs 04ᵗʰ: | Took shoreline sample for analysis |
| 0310hrs-0330hrs 04ᵗʰ: | Carried-out shore line sampling and analysis |
| 0330hrs 04ᵗʰ: | Shore line sample analysis passed |
| 0400hrs 04ᵗʰ: | Pre-pumped 1 drum for No. 1P line |
| 0400hrs-0415hrs: | Pre-pumped 1 drum for No. 1P line/Took sample for analysis |
| 0415hrs 04ᵗʰ Oct.: | Passed 1P line sample analysis |
| 0345hrs 04ᵗʰ: | Fill up shore line with cargo |
| 0850hrs-0900hrs 04ᵗʰ: | Took shoreline sample and passed sample analysis |
| 0900hrs-0913hrs 04ᵗʰ: | Shifted shore hose between shore line & took manifold sample |
| 0913hrs 04ᵗʰ: | Commenced one foot into No. 1P tank/Pre-pump No. 1S line to drum and took samples for analysis |
| 0930hrs 04ᵗʰ: | Finished one foot sampling No. 1P tank/Passed sample analysis for 1S line/Stop shore pump |
| 0930hrs-0945hrs 04ᵗʰ: | Took one foot sample for No. 1P tank |
| 0945hrs-1100hrs 04ᵗʰ: | Awaited shore result of sample analysis by shore laboratory |
| 1100hrs 04ᵗʰ: | Passed one foot analysis 1P tank |
| 1540hrs 04ᵗʰ: | Stirred one foot sample for all tanks |
| 2245hrs 07ᵗʰ: | Stopped loading due to shore reason and by shore request. |
| 0205hrs 08ᵗʰ: | Resume loading by shore request. |
| 0440hrs 08ᵗʰ: | Stopped cargo for shifting to OTB anchorage under port control orders due to poor performance of loading operation |
| 0450hrs 08ᵗʰ: | Disconnected cargo hose | continue to next page |

Page 2

| | |
|---|---|
| 0450hrs-0600hrs 08th: | Took Ullaging/sampling/cargo calculation |
| | Rate.......... 108 m³/hr |
| | Total Loaded cargo..... 9865.413 mt |
| | Balance cargo........., 7636.587 mt |
| 0625hrs 08th Oct 2007: | Surveyors and Loading Master left her |
| 0630hrs 08th: | Pilot on board. |
| 0703hrs 08th: | All lines let go |
| 0715hrs 08th: | Dropped anchor at Inner anchorage awaited suitable tide |
| 0720hrs 08th: | Pilot left her |
| 0845hrs 08th: | Pilot on board |
| 0850hrs 08th: | Anchor aweigh |
| 0950hrs 08th: | Pilot left her |
| 1110hrs 08th: | Dropped anchor at OTB anchorage and awaited berthing/balance cargo loading instruction |
| 0105hrs15th: | Anchor Aweigh |
| 0230hrs 16th | Pilot on board |
| 0310hrs 16th: | First Line ashore |
| 0410hrs 16th: | All lines made her fast |
| 0415hrs 16th: | Pilot let her |
| 0420hrs 16th: | Gangway down |
| 0530hrs 16th: | Surveyor Onboard |
| 0545hrs-0602hrs 16th: | Ullaging/Cargo Calculation |
| 0620hrs 16th: | Hose connected |
| 0630hrs 16th: | Resumed Loading operation |
| 1305hrs 16th | Commenced 2nd line |
| 1410hrs – 2715hrs 16th: | Took manifold sample / analysis and fail due to brownish color of sample for the 3rd time |
| 1600hrs 16th: | Stopped loading cargo due to shore reason |
| 2710hrs – 1715hrs 16th: | Took manifold sample under guidance of charterers representative |
| 1715hrs 16th: | Started loading 2nd line and sampling with interval of 5 mins /1 during the and sealed and signed by all the surveyors as per Fairfield Chemical Carrier instruction |
| 1800hrs 16th: | Resume loading 1st line |
| 0815hrs 17th: | Completed loading 2nd line |
| 0825hrs 17th: | Hose disconnect 2nd line |

continue to next page

Page 2

0435hrs 16th Oct:     Surveyor onboard
0445hrs 0600hrs 16th Oct:     Ullaging/Cargo Calculation
0610 hrs 16th Oct:     Hose connected
0640 hrs 16th Oct:     Resumed Loading operation

In connection with the above, I Master hereby Note of Protest for this delays and hold you liable for any consequential losses, damages, claims that may sustain on this account. I further reserve the right to extend this protest at places and/or time convenient.

Please acknowledge receipt of this protest.

For Receipt only and without
Transmitting to Consignee for this

Shipper/Charterer/Terminal

And/or to whom it may concern
............................
.... Lloyd B.V.
Representing Vishmar.

Agent                    Master of Panichang Mujeang

PAGE 2

TO: Shipper/Terminal/Charterers
And/or To Whom it may concern:

DATE: 18th October 2007
PORT: Kandla, India
BERTH: Outer Tara Buoy Anchorage
VGY. : 43

# LETTER OF PROTEST

## RE: DELAY OF CARGO LOADING OPERATION

Dear Sirs,

I, Master of M/T FAIRCHEM MUSTANG on behalf of my owners and other interested parties hold you Shippers/Terminal/Charterers responsible for any/all delay expense incurred at a result of delay during cargo work for loading METHANOL.
Nominated Quantity: 17500 MT (min).

And as a result of your poor performance during cargo operation, vessel was obliged to shift to Outer Tara Buoy Anchorage and await resumption of cargo loading operation until the present.

## Statement of Facts:

| | |
|---|---|
| 0400hrs 08th Oct. 2007 | Stopped cargo for shifting to OTB anchorage water port control orders due to poor performance of loading operation |
| 0430hrs 08th Oct.: | Disconnected cargo hose |
| 0430hrs-0600hrs 08th: | Tank Ullaging/sampling/cargo calculation |
| | Rate............ ............ 108 m3hr |
| | Total Loaded cargo 2863541.3m3/Volume cargo: 7634595mt — |
| 0650hrs 08th Oct.: | Pilot on board |
| 0700hrs 08th Oct.: | All lines let go. |
| 0715hrs 08th Oct.: | Dropped anchor at inner anchorage awaited suitable tide |
| 0730hrs 08th Oct.: | Pilot left her |
| 0845hrs 08th Oct. | Pilot on board |
| 0850hrs 08th Oct.: | anchor aweigh |
| 0950hrs 08th Oct.: | Piled let her |
| 1110hrs 08th Oct.: | Dropped anchor at OTB anchorage and awaited berthing/balance cargo loading instruction |

In connection with the above, I Master hereby Note of Protest for this delays and hold you liable for any consequential losses, damages, claims that may sustain on this account. I further reserve the right to extend this protest at place and/or time convenient.

Please acknowledge receipt of this protest.

*For Receipt only and original forwarded to Concerned Parties.*

Shipper/Charterer/Terminal          Agent          Master of Fairchem Mustang

And/or to whom it may concern
So and on behalf of
above Details by
as Representatives of .
Kolmar.

Page 1

TO: Shipper/Terminal/Charterers
And/or To Whom it may concern:

DATE: 16th October 2007
PORT: Kandla, India
BERTH: Oil Jetty No. 2
VOY. : 43

## LETTER OF PROTEST

### RE: DELAY OF CARGO LOADING OPERATION

Dear Sirs,

I, Master of MT FAIRCHEM MUSTANG on behalf of our owners and other interested parties hold you shippers/Terminal/Charterers responsible for any/all delay expenses incurred as a result of delay during cargo work for loading METHANOL.

Nominated Quantity: 17500 MT (min).

And as a result of your poor performance during cargo operation, vessel was obliged to shift to Outer Tuna Buoy Anchorage and await resumption of cargo loading operation until the present.

Statement of Facts:

| | |
|---|---|
| 0440hrs 08th Oct. 2007 | Stopped cargo for shifting to OTB anchorage under port control order due to poor performance of loading operation |
| 0450hrs 08th Oct. | Disconnected cargo hose |
| 0450hrs-0600hrs 08th: | Took Ullaging/sampling/cargo calculation |
| | Rate.......................... 208 m3/hr |
| | Total Loaded cargo...9865.413m3/Balance cargo...7634.587m3 |
| 0650hrs 08th Oct: | Pilot on board |
| 0705hrs 08th Oct: | All lines let go |
| 0715hrs 08th Oct: | Dropped anchor at inner anchorage awaited suitable tide |
| 0720hrs 08th Oct: | Pilot left bar |
| 0845hrs 08th Oct: | Pilot on board |
| 0950hrs 08th Oct: | Anchor aweigh |
| 0950hrs 08th Oct: | Pilot left hr |
| 1770hrs 08th Oct: | Dropped anchor at OTB anchorage and awaited berthing/balance cargo loading instruction |
| 0130hrs 15th Oct: | Anchor Aweigh |
| 0235hrs 15th Oct: | Pilot on Board |
| 0840hrs 15th Oct.: | First Line ashore |
| 0510hrs 15th Oct.: | All Fast made for fast |
| 0410hrs 15th Oct.: | Pilot left bar |
| 0510hrs 15th Oct.: | Gangway Down | Continue to next page |

Page 3

Reason of Shore Delays as follows:

9920hrs-1730hrs 03ʳᵈ Oct. 2007:    Previously issued Letter of Protest (Refer to attached file)

1705hrs 03ʳᵈ-0310hrs 04ᵗʰ:    Awaited shoreline readiness due to failure of shore

Line sample analysis

0330hrs-0400hrs 04ᵗʰ:    Awaited shore readiness due to shore reason.

0475hrs-0845hrs 04ᵗʰ:    Awaited shore readiness due to shore reason.

1150hrs-1540hrs 04ᵗʰ:    Awaited shore readiness due to shore reason.

2245hrs 07ᵗʰ - 0245hrs 08ᵗʰ:    Awaited shore readiness due to shore reason.

0440hrs 08ᵗʰ - 0600hrs 16ᵗʰ:    Stopped loading cargo for shifting to OTB anchorage under port

Port control orders due to poor performance of loading operation

And awaits berthing/Ballast cargo loading instruction.

0420hrs-1705hrs 16ᵗʰ:    Awaited shore readiness to connect 2ⁿᵈ line

1600hrs-1800hrs 16ᵗʰ:    Stopped loading cargo 1ˢᵗ line due to shore reason

In connection with the above, I Master, hereby Note of Protest for this delays and hold you liable for any consequential losses, damages, claims that may sustained on this account. I further reserve the right to extend this protest at places and/or time convenient.

Please signature under space for the acknowledgement of receipt.

FOR RECEIPT ONLY
WITHOUT LIBA LINEX #
PREGUDICE SUBJECT TO
TERMS Shipper/Terminal/Charterer
of COMPLITONE or
Master to whom it may concern:
RELEVANT C/P.

FOR & ON BEHALF OF
PETRO DESTA B.V.

SV. IVELI

Agent

Master of Fairchen Mekong

For Receipt only and omitted
transmission to Owners.

Page  t

TO: Shipper/Terminal/Charterers
Act/or To Whom it may concern

DATE: 18th October 2007
PORT: Kandla, India
BERTH : Oil Jetty No. 2
VOY. :  43

# LETTER OF PROTEST

## RE: DELAY OF CARGO LOADING OPERATION

Dear Sirs,

I, Master of MT FAIRCHEM MUSTANG on behalf of my owners and other interested Parties hold you shipper/Terminal/Charterers responsible for any/all delay expenses incurred as a result of delay during cargo work for loading METHANOL.

Statement of Facts:

0:00hrs 36th September 2007:          Notice of Readiness Tendered

4400hrs 03rd October 2007:           All lines made fast Test

Vessel tendered Notice of Readiness and anchored in the Outer Time and awaited berthing instruction. Refer to attached Letter of Protest Re: Berthing Delay

2920hrs 03rd October 2007:          All lines made fast fast

2730hrs 03rd October 2007:

Vessel awaited shore readiness to connect cargo hose for commencement of loading. Refer to Attached Letter of Protest Re: Note of Protest for Delays Dated 03rd October 2007.

1735hrs 05th October 2007:          Hose connected

0640hrs 08th October 2007:          Stopped Loading Cargo for shifting to OTB anchorage
                                     under port control orders due to poor performance of
                                     Shipper/Terminal/Charterer during cargo operations.

Carried out cargo loading work, shoreline sampling and analysis pre-pump 2 drums and 5 liter Tested but result failed (PTH" - 2mts., 3rd Oubt., 5th -5 mts). Disconnect hose and awaited pre-pump availability. Reconnect hose and re-sampling and analysis of shoreline and passed. Stopped Loading Operation due to shire reason.

As per ship/shore agreement shore will provide 2 hose and rate to be 1 line 150mt/hr and the other line 700 mt/hr but shore provide only 1 hose with an average rate of 236 mt/hr while ship offered 1x 10 inch common line and 2½ x 8 inch line with average rate of 1600 mt/hr. refer to attached Letter of Protest Re: Note of Protest for restriction of loading rate due to slow loading rate and not providing additional Hose Dated 06th October 2007 and Re: Slow Loading Dated 06th October 2007.

Vessel total loaded cargo 3665.428 mt Balance cargo to be loaded 7634.587 mt Rate 10% at/hr Refer to attached Letter of Protest Re: Slow Loading and Delay of cargo loading operation Dated 16th October 2007.                                Continue to next page

Page 2

#440hrs 05th October 2007:                    Stopped Loading Cargo for shifting to OTB anchorage
                                              under port control orders due to poor performance of
                                              Shipper Terminal/Charterer during cargo operation.

-0820hrs 16th October 2007:                   Resumed Loading operation
Due to Shippers Terminal/Charterers poor performance during cargo operation, Vessel was obliged
To shift to OTB anchorage and await resumption of cargo loading operation. Refer to attached file
Re: Delay of cargo Loading operation Dated 16th October 2007.

9020hrs 16th October 2007:                    Resumed Loading operation
0 6syhrs 16th October 2007                     Completed Loading operation
Total Loaded cargo:  w/s  17,239.489 M/T     B/L  17,279.749 M/T
Rate:  150 mt/hr
Short counted the 2nd line and took samples from the manifold, analyze but failed due to brownish
Color of the receipts. As per instructions from Charterers and Fairfield Chemical Carriers, loading will
Commence through the second provided samples should be taken before opening the manifold and at
Interval of 5min, 10min and thereafter commencing loading. Refer to attached Letter of Protest
Re: Discoloration of samples drawn from Manifold 2nd Line Dated 17th October 2007.
Vessel offered 1 x 10 inch eastern line and 20 x 6 inch line with the maximum loadable rate of
3000 mt/hr. Since only supplied        mt/hr. Refer to attached Letter of Protest Re: Slow Loading
Dated      October 2007.


          In connection with the above, I Master hereby Note of Protest for this delays and
hold you liable for any consequential losses, damages, claims that may sustain on this
account. I further reserve the right to extend this protest at places and/or time convenient.

Please acknowledge receipt of this protest.

FOR RECEIPT ONLY
WITHOUT LIABILITIES of
PREJUDICE of SWEDEN
TO TERMS & CONDITIONS
OF DELIVERY CHARTER PARTY
(Shippers Terminal/Charterer)
And/or to whom it may concern:

FOR & ON BEHALF OF
PETRO DESK S.V.

Agent                          Master of Fairchem Mustang

for receipt only and onward
trans-mission to Concerned.

# EXHIBIT 3

```
===================================================================
  Message Printed    on 21/10/203717:05:46  by CMT     RefNum:CMT5378975
  mt Fairchem Mustang - Port d/a at Kandla
  From/To: ("Hayden Pierre D'Costa" <hpd@jmbaxi.com>) at 17/10/2007 07:17:21
===================================================================
```

Reply?a: <hpd@jmbaxi.com>
From: "Hayden Pierre D'Costa" <hpd@jmbaxi.com>
To: <operations@kolmargroup.com>
cc: <meteorpl@mtnl.net.in>,
        <meteor@del2.vsnl.net.in>,
        <shivshankar53@gmail.com>,
        <ops@fairfieldchemical.com>,
        <tt@fairfieldchemical.com>,
        "BAXICO KANDLA 1" <opkn_kdl@jmbaxi.com>,
        "santosh" <sxn@jmbaxi.com>,
        "Dsj" <dsj@jmbaxi.com>,
        "CAPT. GVS" <gvs@jmbaxi.com>,
        "CAPT PATEL" <mkp@jmbaxi.com>
Subject: mt Fairchem Mustang - Port d/a at Kandla
Date: Wed, 17 Oct 2007 10:58:27 +0530

K/Attn : Dominique Meyer
We have been instructed by our Principals to contact your local agents
Meteor for payment of shifting charges of mt Fairchem Mustang.
However your local agents have verbally refused to make any payment.
We therefore request you to kindly arrange payment for shifting expenses as
under, prior vessel sailing.
Usd 4488.39     Pilotage for shifting/reberthing @ usd 0.388/grt (11563)
Usd 106.11      Stream dues @ usd 11.79/day (9) from 08/10 to 16/10
Usd 567.83      12.36% Govt.service tax on above
------------
Usd 5162.33     Total
============
Please remit funds to our  to our bankers as under:-
The Hong Kong & Shanghai Banking Corpn.,
51/63, M.G.Road. Fort, Mumbai - 400 001.
A/C. No. : D02 406713 001 of J.M.Baxi & Co.
Swift Code : HSBC INBB
We await your confirmation.
Brgds
Hayden D'Costa
For J.M.Baxi & Co.
As Agents

-----Original Message-----
From: Hayden Pierre D'Costa [mailto:hpd@jmbaxi.com]
Sent: 16 October 2007 11:55
To: meteorpl@mtnl.net.in; shivshankar53@gmail.com;
operations@kolmargroup.com; ops@fairfieldchemical.com;
tt@fairfieldchemical.com; BAXICO KANDLA 1; santosh; Dsj; CAPT. GVS; CAPT
PATEL
Subject: mt Fairchem Mustang - Port d/a at Kandla
Importance: High

K/Attn : Mr.Josef / Mr.Shiv Shankar,

Dear Sirs,

Please find below message from our Principals & correspondence between
Owners & Charterers regarding port charges for charterers account.

Following expenses to be borne by Charterers or their Agents

Usd 4488.39     Pilotage for shifting/reberthing @ usd 0.388/grt (11568)
Usd 106.11      Stream dues @ usd 11.79/day (9) from 08/10 to 16/10
Usd 567.83      12.36% Govt.service tax on above
------------
Usd 5162.33     Total
============

Kindly arrange payment of usd 5162.33 (Rs.2,06,493/-) within tomorrow
(17/10), enable make port payments & obtain port clearance.

Brgds
Hayden D'Costa
For J.M.Baxi & Co.
As Agents

                                        Message Continues...

# EXHIBIT 4



**F A I R F I E L D**

1730-1840hrs 03rd: Awaited for shore readiness to commence shore line displacement.

1840-2000hrs 03rd: Shore line displacement.

2000-2020hrs 03rd: Carried out shore line sampling and analysis pre-pump 2 drums and 3 times tested. The testing result failed (PTT: 1st-1 min, 2nd- 3 min, & 3rd-5 min.)

2035hrs 03rd : The testing result failed.

2035hrs 03rd to 2810hrs 04th: Disconnected hose & awaited pre-pump availability.

0220hrs 4th: Hose reconnected to common line 1x 6 "

0220-0300hrs 4th: Awaited readiness to shore for line sampling.

0310-0330 4th: Carried out shore line sampling & passed.

0330-0400hrs 04th: Awaited shore readiness due to shore pump tip.

0400-0405hrs 04th: Pre-pump 1 drum for no. 1P line.

0415hrs 04th: 1P passed line sampling analysis.

0415hrs-0645hrs 04th: Awaited shore readiness due to shore reason.

0845hrs 04th: Fill up shore line with cargo.

0850-0900hrs 04th: Took shore line sampling analysis and passed.

0900-0910hrs 04th: Shifted shore hose between shore line and took manifold sample.

0915hrs 04th: Commence loading / Commence one foot into 1P tank / Fixed No. 1S line to drum for line sampling analysis.

0930hrs 04th: Stop loading / Finished one foot sample for 1P tank / Passed 1S line sample analysis.

0930-0945hrs 04th: Took one foot sample  1P cargo tank by surveyor.

0945-1100hrs 04th: Awaited result of sample analysis by shore laboratory.

1100hrs 04th: 1P Cargo tank Passed by one foot sampling analysis.

1100-1540hrs 04th: Awaited shore readiness due to shore reason

1540hrs 04th: Started one foot  loading for all tanks

1540-1550hrs 04th: Pre-pump to drum 2 P/S for line sampling and analysis.

1800hrs 04th: Passed line sample analysis for No. 2 P/S tank

1805hrs 04th: Completed line sampling for all tanks.

1815hrs 04th: Completed all Cargo line sampling analysis and passed.

1900hrs 04th: Completed all cargo tanks 1 foot sampling analysis and passed.

1930hrs 04th: Continuously loading for main loading operation.

2245hrs 07th: Cargo loading Temporary stop by shore request.

2245hrs 07th - 0205hrs 08th: Awaited shore readiness to resume loading

0205hrs 08th: Resumed loading by shore request.

0220hrs 08th: Shore tried to connect 2nd hose but the hose condition was not suitable for loading due to dirty oily residue in cargo hose.

0440hrs 08th: Stopped loading cargo for shifting to OTB anchorage under port control orders due to poor performance of loading operation by shipper/terminal/charterers.

2450hrs 08th: Disconnected cargo hose

0450-0500hrs 08th: Took Ullaging/sampling/cargo calculations,

   Total loaded cargo.... 9885.413 mt

   Balance cargo.,,...... 7664.587 mt

   Rate...........................  103 mt

0625hrs 08th: Surveyors and Loading master disembark.

0650hrs 08th: Pilot on board

0705hrs 08th: All lines let go



F A I R F I E L D

0715hrs 08th: Dropped anchor at inner anchorage awaited suitable tide.
0720hrs 08th: Pilot left her.
0825hrs 08th: Pilot on board
0850hrs 08th: Anchor aweigh.
0850hrs 08th: Pilot left her.
1110hrs 08th: Dropped anchor at Outer Tuna Bouy anchorage and awaited berthing/balance
                cargo loading instruction.
2105hrs 16th: Anchor Aweigh.
2235hrs 16th: Pilot on board.
2340hrs 16th: First line sent to shore.
2410hrs 16th: All lines made her fast.
0420hrs 16th: Gangway down.
0435hrs 16th: Agent/Surveyor onboard.
0445-0500hrs 16th: Re-gauging/calculation.
0500-0510hrs 16th: Hose connected (1st Line)
0810-0620hrs 16th: Took manifold sampling/analysis/passed.
0620hrs 16th: Resumed loading (1st line )
1405hrs 16th: Hose connected (2nd Line)
1410-1715hrs 16th: Took manifold sample/analysis and fail due to brownish color of sample for the 2nd line
1800hrs 16th: Stopped loading due to shore reason (1st Line)
1712-1715hrs 16th: Took manifold sample under guidance of charterers representative.
1715hrs 16th: Started Loading 2nd line and sampling with interval of 5min., 10min. and 1hr. and sealed
                and signed by all surveyors as per Fairfield Chemical Carrier Instructions.
1800-1800hrs 16th: Stopped loading due to shore reason.
1800hrs 16th: Resumed loading 1st line.
0835hrs 17th: Shore pump stopped
0650-0815hrs 17th: Pigging of shore lines
0815hrs 17th: Completed loading 2nd hose
0825hrs 17th: Hose disconnect 2nd line
1215-1545hrs 17th: Shore tank stripping.
0400hrs 18th: Shore pumping completed.
0530hrs 18th: Start line pigging.
0515hrs 18th: Took samples from manifold during pigging stage and found out discoloration of cargo
0635hrs 18th: Line pigging completed.
0535hrs 18th: Loading completed by shore stop.

For Receipt only

We hereby certify that the above is true and correct.
FOR RECEIPT ONLY &
SUBJECT TO RE-ATTRIBUTE
DEDUCTION TIME LOG
Shore Representative
Capt. for Wanderson
Master
Owner's Agent

FOR & ON BEHALF OF
PETRO DESSA B.V.

| LETTER OF PROTEST-DELAYS | |
|---|---|

Note of protest

Date: 3RD October 2007
Port : Kandla, india
Voyage no: 43

To: Oil Jetty No. 3 and/or
   To whom it may concern

Subject: Note of Protest for Delays

This is to put on the record the following delays to my vessel for commencement of
Loading operation of nominated cargo Methanol.

My vessel has berthed at Oil Jetty No.3 at 0920 hrs on 3rd October 2007 and till writing
this protest letter at 1730 hrs / 03.10.2007, you and your shore terminals are failed to
commence loading. The reasons for the same are best known to them.

| Date | From | To | Reason for Delay |
|---|---|---|---|
| 3rd October 2007 | 0920 hrs | 1730 hrs | Awaited shore readiness to connect cargo hose for commencement of Loading |
| | | | |
| | | | |

On behalf of my Owners, and / or other interested parties, I hereby note protest for
above delays and hold you liable for any consequential losses, damages, claims that may
be sustained on this account.

I further reserve the right to extend this protest at places and / or times convenient.

Please acknowledge receipt of this protest.

Yours sincerely,

Master
MT Fairchem Mustang

FOR RECEIPT ONLY.
WITHOUT PREJUDICE and
ACCEPTING ANY LIABILITIES

Received by;

TO : Shipper/Terminal/Charterers or/and
       To whom it may concern.

Date:  18th October 2007
Port :  Kandla, India
Berth :  Off Jetty No. 2'
Voy. No.:  43

## LETTER OF PROTEST

RE : LETTER OF PROTEST FOR BERTHING DELAY.

Dear Sir,

This letter of protest will serve to advise that I, master of M/T FAIRCHEM MUSTANG
tendering Protest regarding delay berthing which occurred this vessel on 03rd October 2007 at
Kandla, India.
For your preview and review of this matter, the following is statements of the circumstances as
I best understand them at this moment.

| | |
|---|---|
| *Commence Voy. 43 | : 0625hrs 22nd Sept. 2007 |
| *Vessel anchored | |
| * Awaited berthing instruction | : 0100hrs 25th Sept. – 0630hrs 03rd Oct. 2007 |
| *NOR tendered | ; 0100hrs 26th Sept. 2007 |
| *Anchor aweigh | : 0630hrs 03rd Oct. 2007 |
| *Pilot onboard | : 0735hrs 03rd Oct. 2007 |
| *Shifted to berth | :0630hrs 03rd Oct. – 0845hrs 03rd Oct. 2007 |
| *All line made her fast. | :0920hrs 03rd Oct. 2007 |

In view of the above, please be advised that on behalf of my owners and/or any party
concerned, I hold you responsible for any delays, all costs and any other claims incurred
thereby because this matter is not caused by my vessel , totally we are free from any
claims which may arise there from.

Yours faithfully,

MASTER OF
M/T FAIRCHEM MUSTANG

For Receipt only and the contents
Transmission to owners.

Kindly acknowledge receipt of this letter by signing

Ship's Agent

FOR RECEIPT ONLY,
WITHOUT LIABILITY of
PLEASE India Ports Terminal or
their authorized Representative
SUBJECT TO T OF
of CONDITION C/P
RELEVANT
FOR & ON BEHALF OF
PETRO DESK ENT.
Authorised.

| LETTER OF PROTEST – SLOW LOAD RATE | |
|---|---|

Note of Protest

Date: 06th October 2007
Port:  Kandla, India
Voyage no: 45

To:  Oil Jetty No. 3 and/or
To whom it may concern

Dear Sirs,

Subject: Note of Protest for restriction to Loading Rate/Due to slow loading rate and
Not providing additional Hoses

Cargo: METHANOL, 17,500 MT
This is to put on record the following restrictions to my vessels Loading operation:

1.  Number and size of Vessel's manifolds offered for loading:
    10 INCH X 1 COMMON LINE  and  6 INCH X 20 LINE
    Number and size of Terminal connections provided for loading:
    6 INCH X 1 LINE
2.  Loadable Max. Rate by vessel: 1000 MT / H
    Shore's average Loading Rate provided: 136 MT / H
3.  As per ship/shore agreement shore will provide 2 hoses and rate to be 1 line
    150 mt/h and the other line 200 mt/h. However, we can accept 1000 mt/h but
    terminal rate was only 136 mt/h as of 2100hrs 06th October 2007. So we
    strongly request providing additional hoses as per ship/shore agreement,
    I Master, hereby issue Note of Protest.

On behalf of my Owners, and / or other interested parties, I hereby note of protest for
these restrictions to my vessels loading operation and hold you liable for any
consequential losses, damages, claims that may be sustained on this account.

I further reserve the right to extend this protest at places and / or times convenient.
Please acknowledge receipt of this protest.

Yours sincerely,



                                                    Master of
                                                    MT Petrchem Mustang

Kindly acknowledge receipt of this letter by signing    Only for Receipt and contents
                                                         Transmitted to Concerned Parties.
Received by: _____
The Shippers/Terminal or
Their authorized Representative
_____                                    Ship's Agent
_____
Oil Jetty _____
_____

| LETTER OF PROTEST – SLOW LOAD RATE | |
|---|---|

Note of Protest

Date: 08th October 2007
Port: Kandla, India
Voyage no: 43

To:  Shipper/Charterers/Terminal
     And/or to whom it may concern:

Dear Sirs,

Subject: SLOW LOADING

Cargo: METHANOL,  17,500 MT
This is to put on record the following restrictions to my vessels Loading operation:

1. Number and size of Vessel's manifolds offered for loading:
   10 INCH X 1 COMMON LINE  and  6 INCH X 20 LINE
   Number and size of Terminal connections provided for loading:
   Only 6 INCH X 1 LINE
2. Loadable Max. Rate by vessel: 1000 MT / H.
   Shore's average Loading Rate provided:  113  MT / H (from start of main Loading)
3. As per ship/shore agreement shore will provide 2 cargo hose but they provide
   only 1 cargo hose.
4. Due to poor loading performance by shipper, Port has order shifting to outer
   Anchorage. Last 24 hrs vessel has loaded only 2,400 mt which is very low
   and unusual loading rate.

On behalf of my Owners, and / or other interested parties, I hereby note of protest for
these restrictions to my vessels loading operation and hold you liable for any
consequential losses, damages, claims that may be sustained on this account.

I further reserve the right to extend this protest at places and / or times convenient.
Please acknowledge receipt of this protest.

Yours sincerely,



Master
MT Fairchem Moselle
For Receipt only and without
prejudice to anything stated

Kindly acknowledge receipt of this letter by signing

Received by: _____
             Charter/Shippers/Terminal or
             Their authorized Representative

                                              Ship's Agent

*KAPLAN, J*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

KOLMAR GROUP AG,

              Plaintiff,

   - against -

TRAXPO ENTERPRISES PRIVATE
LIMITED a/k/a TRAXPO ENTERPRISES
PVT LTD.,

              Defendant.
-------------------------------------------------------X

07 Civ 10343

**ECF CASE**

| USDC SDNY |
|---|
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: _11/15/07_ |

### ORDER APPOINTING SPECIAL PROCESS
### SERVER PURSUANT TO F.R.C.P. RULE 4(c)

An application having been made by counsel for Plaintiff for an Order Appointing a

Special Process Server pursuant to Rule 4(c) of the Federal Rules of Civil Procedure,

    NOW, on reading and filing the Affidavit of Kevin J. Lennon, sworn to on November 14,

2007, and good cause shown having been shown, it is hereby

    ORDERED that Kevin J. Lennon, Nancy R. Peterson, Patrick F. Lennon, Charles E.

Murphy, or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC,

including Gotham Process Service, be and is hereby appointed, in addition to the United States

Marshal, to serve the Ex Parte Order, Process of Maritime Attachment and Garnishment and the

Verified Complaint, together with any interrogatories, upon the garnishee(s), together with any

other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff)

may hold assets of, for or on account of, Defendant.

Dated: New York, NY
      November 15, 2007
A CERTIFIED COPY
J. MICHAEL McMAHON,      **CLERK** _____
                              U.S.D.J.

BY _____
      DEPUTY CLERK

p.3

*Kaplan* (signature)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

KOLMAR GROUP AG,                          :

           Plaintiff,                :

    - against -                          :

TRAXPO ENTERPRISES PRIVATE           :
LIMITED a/k/a TRAXPO ENTERPRISES  :
PVT LTD.,                                         :

          Defendant.            :

-------------------------------------------------X

# JUDGE KAPLAN

# 07-CV-10343

**ECF CASE**

**EX PARTE ORDER
FOR PROCESS
OF MARITIME
ATTACHMENT**

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: _11/15/07_ |

    **WHEREAS**, on November 14, 2007, Plaintiff, KOLMAR GROUP AG, filed a Verified

Complaint herein for damages amounting to $790,081.183 inclusive of interest, costs and

reasonable attorney's fee, and praying for the issuance of Process of Maritime Attachment and

Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and

Maritime Claims of the Federal Rules and Civil Procedure; and

    **WHEREAS**, the Process of Maritime Attachment and Garnishment would command that

the United States Marshal or other designated process server attach any and all of the

Defendant's property within the District of this Court; and

    **WHEREAS**, the Court has reviewed the Verified Complaint and the Supporting

Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist;

    **NOW**, upon motion to the Plaintiff, it is hereby:

    **ORDERED**, that pursuant to Rule B of the Supplemental Rules for Certain Admiralty

and Maritime Claims, the Clerk of Court shall issue Process of Maritime Attachment and

Garnishment against all tangible or intangible property, credits, letters of credit, bills of lading,

effects, debts and monies, electronic funds transfers, freights, sub-freights, charter hire, sub

charter hire or any other funds or property up to the amount of **$790,081.83** belonging to, due or being transferred to, from or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name(s), or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be named, or later identified, on whom a copy of the Process of Maritime Attachment and Garnishment may be served; and it is

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service by the U.S. Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

**ORDERED** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further

Dated: November 1_, 2007

SO ORDERED:

_____
U.S.D.J.

A CERTIFIED COPY
J. MICHAEL McMAHON,                    CLERK

BY _____
         DEPUTY CLERK

Nov. 15. 2007  2:57PM · Lennon, Murphy & Lennon LLC

No. 2421    P. 2

07-CV- 10343 (LAK)

*Docket no.*

### THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of New York (or designated process server) – GREETINGS:

WHEREAS a Verified Complaint has been filed in the United States District Court for the Southern District of New York on the 15th day of November 2007 by

### KOLMAR GROUP AG,

Plaintiff,

against

### TRAXPO ENTERPRISES PRIVATE LIMITED
### · a/k/a TRAXPO ENTERPRISES PVT LTD,

Defendant,

in a certain action for breach of maritime contract and indemnity wherein it is alleged that there is due and owing from the Defendant to the said Plaintiff the amount of $799,081.83 and praying for process of maritime attachment and garnishment against the said Defendant,

WHEREAS, this process is issued pursuant to such prayer and requires that a garnishee(s) shall serve their answer(s), together with answers to any interrogatories served with the Complaint, within 20 days after service of process upon him and requires that Defendant shall serve its answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

NOW, THEREFORE, we do hereby command you that if the said Defendant cannot be found within the District you attach goods and chattels to the amount sued for; and if such property cannot be found that you attach other property, credit and effects to the amount sued for in the hands of:

ABN Amro, American Express Bank, Bank of America, Bank of New York, Barclay's Bank, BNP Paribas, Calyon, Citibank, Deutsche Bank, HSBC Bank USA Bank, ING Bank, J.P. Morgan Chase, Societe Generale, Standard Chartered Bank, State Bank of India, UBS, and/or Wachovia Bank N.A

to wit: property, letters of credit, deposits, funds, credits, bills of lading, debts, settlement agreements, or other assets, tangible or intangible, in whatever form of:

### TRAXPO ENTERPRISES PRIVATE LIMITED
### a/k/a TRAXPO ENTERPRISES PVT LTD.

and that you promptly after execution of this process, file the same in this Court with your return thereon.

WITNESS, the Honorable Kimba M. Wood, Chief Judge of said Court, this 15 day of November 2007, and of our Independence the two-hundred and thirty-first.

Lennon, Murphy & Lennon, LLC
Attorneys for Plaintiff
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
Phone (212) 490-6050

J. MICHAEL McMAHON
Clerk

By:
Deputy Clerk

NOTE: *This Process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and/or New York Civil Practice Law and Rules, Article 62.*

**LEWIS A. KAPLAN**
**United States District Judge**
**United States Courthouse**
**500 Pearl Street**
**New York, NY 10007**

## COMMUNICATIONS

For questions concerning general calendar matters, call the Deputy Clerk, Mr. Andrew Mohan at (212) 805-0104.

*Counsel are not to communicate with Chambers by phone except in case of emergency. Counsel are not to communicate with chambers via facsimile without prior approval.* Copies of correspondence between counsel *should not be sent to the Court.*

Except as otherwise provided herein, the Court's procedures are governed by the Local Rules of this Court and the Federal Rules of Civil Procedure. *Counsel should not call the Judge's law clerks with respect to procedural questions.*

## CONFERENCES

*The attorney who will serve as principal trial counsel must appear at all conferences with the Court.*

Unless the parties are otherwise notified, a pending motion to dismiss the entire action cancels any previously scheduled initial scheduling conference.

## MOTION RULES AT A GLANCE

| | |
|---|---|
| Pre-motion conference: | Discovery disputes only unless otherwise ordered in a specific case. |
| Motion returnable: | **Motions are to be filed without a return date.** |
| Courtesy Copies: | Two courtesy copies should be addressed to Judge Kaplan and delivered to the Marshals at the Worth Street entrance, 500 Pearl Street (at the time the originals are filed. |

2

## MOTION RULES AND PROCEDURES

### Discovery Disputes

#### Non-ECF Cases

A conference must be requested before the filing of any motion relating to a discovery dispute. Counsel wishing to make such a motion should send a letter to the Court concisely describing the basis for the proposed motion and requesting a conference. The party opposing the relief sought may respond within two (2) business days by letter briefly describing why the relief sought should not be granted. Letters seeking such conferences and responses thereto shall not exceed three (3) pages.

#### ECF Cases

Discovery disputes in ECF cases shall be raised with the Court by motion filed electronically. The motion shall not exceed four (4) pages in length, including affidavits and declarations, but exclusive of exhibits. In addition, counsel filing such motions electronically shall send a letter to the Court stating that such a motion has been filed electronically. The party opposing the relief sought may respond within two (2) business days electronically, briefly describing why the relief sought should not be granted. No briefs or memoranda of law shall be filed unless requested by the Court.

Regardless of whether the case is an ECF case, counsel should be prepared to discuss with the Court the matters raised by such letters or motions, as the case may be, as the Court will seek to resolve discovery disputes quickly, often by telephone conference call.

Discovery disputes should be raised with the Court promptly once it is clear that the issues cannot be resolved by agreement.

### Return Dates and Special Filing Rules

All motions, unless brought on by an Order to Show Cause, should be made without a return date.

The original of all motion papers, opposition papers, and replies should be filed in the Clerk's office. Two (2) courtesy copies for the use of Chambers should be delivered to the Marshals at the Worth Street entrance, 500 Pearl Street (at the time the originals are filed).

3

### Orders to Show Cause and TROs

All applications for orders to show cause and temporary restraining orders first shall be brought to the Orders and Appeals Clerk for approval and then to Chambers, provided that in ECF cases, counsel shall adhere to any instructions given by the Clerk's Office with respect to such applications. Applications for temporary restraining orders will be entertained only after notice to the adversary absent a persuasive showing that the giving of notice itself is likely to result in immediate and irreparable injury.

### Briefs and Motion Papers

Citations to New York and United States Supreme Court cases shall contain citations to the official reports and parallel cites to New York Supplement and Supreme Court Reporter, respectively. Citations to unreported cases not available on WESTLAW should be accompanied by a copy of the case cited.

Memoranda of law in support of or in opposition to motions may not exceed thirty-five (35) pages, double spaced, in length and, if in excess of ten (10) pages, should contain tables of contents and authorities. Reply memoranda may not exceed ten (10) pages, double spaced, in length. All exhibits should be tabbed and indexed. A copy of the complaint should accompany the moving papers. Requests to file memoranda exceeding the page limits set forth herein must be made *in writing* five (5) days prior to the due date except with respect to reply briefs, in which case the time is the day prior to the due date.

*Answering and reply papers*, if any, are to be served within the time specified in S.D.N.Y. Civ. R. 6.1. At the time reply papers are due, counsel shall advise the Court of any Monday morning within the next six (6) week period when they would be *unavailable* for oral argument.

#### Oral Argument

After answering papers are received, the Court will notify counsel of the time and place for oral argument if the Court regards oral argument as likely to be helpful. The Court will have reviewed the papers prior to argument.

### Reports, Recommendations and Orders of Magistrate Judges

The page limits applicable to memoranda of law on motions apply also to objections to reports and recommendations, and appeals from orders of, Magistrate Judges.

### Adjournments/Extensions

All requests for extensions of time or adjournment of motions, pretrial conferences, and other matters must be made *in writing* with copies to all counsel and received in chambers not less than two business days before the scheduled time. Such requests must include the number and disposition of any prior requests for similar extensions and state whether opposing counsel

4

consents to the extension or adjournment. If the extension request is made with the consent of all parties, a stipulation should be submitted setting out the schedule to which counsel have agreed; a request for an extension without the consent of all counsel may be made by letter to the Court. Requests to adjourn the date for oral argument made less than one week prior to the scheduled date will be granted only under the most compelling circumstances.

*The Court will **not** advise the parties by telephone or mail of the disposition of requests for extensions and adjournments. Counsel are responsible for checking the docket sheet in the Clerk's office in person, by use of a service, or through use of the Court's ECF system.*

## ECF Cases

In ECF cases, notice of opinions, orders and stipulations is given through the ECF system

## Notice of Rulings in Non-ECF Cases

Judge Kaplan participates in the CourtWeb system with respect to cases that are not on the Electronic Case Filing system. Notice of most orders (other than scheduling orders), decisions and stipulations in non-ECF cases is posted on the World Wide Web and may be accessed through the Court's web site:

http://www.nysd.uscourts.gov

CourtWeb also permits attorneys to use an electronic watch list to notify them by electronic mail when orders are posted in cases. Counsel are directed to the court's web site for details as to how to sign up for this service.

Although most orders in non-ECF cases will be posted to the CourtWeb site, counsel are responsible for knowledge of *all* orders entered on the docket.

## PRETRIAL AND TRIAL RULES AND PROCEDURES

### Discovery Schedule

Notices inviting the parties to stipulate to a discovery schedule will be sent to plaintiff's counsel (or, in the case of removed actions, defendant's counsel) shortly after the filing of the action. If the parties can agree upon a schedule providing for prompt completion of pretrial proceedings, the Court ordinarily will incorporate the agreement in a Scheduling Order.

Counsel are responsible for being aware of the contents of the formal Scheduling Order and any amendments thereto irrespective of whether they are sent to counsel by the Clerk of the Court.

5

### Copies of Pleadings

The parties are to provide a courtesy copy of the complaint, answer and any reply (but not discovery requests, discovery responses, stipulations, correspondence or other papers) to chambers promptly after service.

### Pretrial Order

Counsel are to file a *joint* pretrial order, with two (2) courtesy copies addressed to chambers, on or before the date set by the Court. The pretrial order shall be prepared in accordance with the outline attached as Annex A. Failure to submit the pretrial order may result in dismissal or a default judgment, as appropriate. *The filing of a motion for summary judgment does not excuse or extend the time for filing the pretrial order unless the Court otherwise directs. Such applications are disfavored.*

### Ready for Trial

Counsel must be prepared to proceed to trial on twenty four (24) hours telephone notice once the pretrial order has been filed. Any party with a scheduling problem should bring it to the Court's attention by letter at the time the pretrial order is filed.

### Bench Trials

In bench trials, counsel shall prepare and exchange statements containing the direct testimony of each witness they intend to call. These witness statements, copies of which are to be addressed to chambers and delivered to the Marshals with copies of all exhibits at least one week before trial, shall be used at trial in accordance with the following procedure.

#### Form of Statement

For each witness whose direct testimony will be presented in statement form, counsel shall prepare a statement setting forth in declaratory form all of the facts to which that witness will testify. The facts shall be stated in narrative, rather than question and answer, form. The statement shall contain all of the relevant facts to which the witness would testify including facts necessary to establish the foundation for the testimony. It need not be sworn or notarized.

#### Use of Statements

At the trial, each witness whose direct testimony previously has been submitted in statement form shall take the stand and under oath shall adopt the statement as true and correct. The party offering that witness then shall offer the statement as an exhibit, subject to appropriate objections by the opposing party on which the court will then rule.

The witness then will be allowed to supplement his or her statement by any additional live direct testimony considered necessary by counsel.

6

Thereafter cross-examination and any redirect shall proceed in the ordinary course.

### Exceptions to Use of Statement

Statements will be required of the parties and other witnesses under their control. They are not to be used for adverse parties or for persons whose attendance must be compelled by subpoena.

### Exhibits

Documents to be offered as exhibits shall not be attached to witness statements but shall be pre-marked and exchanged along with other proposed exhibits in the usual fashion.

### Jury Selection

Juries ordinarily will be selected by the struck panel method.

## BANKRUPTCY APPEALS

Counsel shall provide chambers with two courtesy copies of their briefs, and counsel for appellant shall provide it with one courtesy copy of the record, immediately upon the filing of the originals with the Clerk of Court. The page limits applicable to memoranda of law on motions apply to briefs on bankruptcy appeals.

## CRIMINAL CASES

Upon the assignment of a criminal case to Judge Kaplan, the Assistant United States Attorney immediately shall provide a copy of the indictment to chambers and arrange with the Deputy Clerk for a prompt conference at which the defendant and defense counsel will be present in order to set a discovery and motion schedule and a trial date and, if necessary, to arraign the defendant and set bail.

Unless otherwise ordered, proposed *voir dire* questions, requests to charge, and *in limine* motions shall be served, filed and delivered to chambers no later than ten (10) days prior to the scheduled commencement of trial.

Revised11/16

## Annex A -- Form of Pretrial Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

[caption]                                         XX Civ. XXXX (LAK)


                The parties having conferred among themselves and with the Court pursuant to
Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the
Pretrial Order herein.


### I. NATURE OF THE CASE

[Set forth a brief statement of the general nature of the action and the relief sought by each
party.]


### II. JURY/NON-JURY

[State whether a jury is claimed, whether there is any dispute as to whether the action should
be tried to a jury, and the estimated length of the trial.]


### III. STIPULATED FACTS

[Set forth any stipulated facts.]


### IV. PARTIES' CONTENTIONS

                The pleadings are deemed amended to embrace the following, and only the
following, contentions of the parties:

A.    Plaintiff's Contentions

[Set forth a brief statement of the plaintiff's contentions as to all ultimate issues of fact and law.]

B.    Defendant's Contentions
[Set forth a brief statement of the defendant's contentions as to all ultimate issues of fact and
law.]

8

## V.  ISSUES TO BE TRIED

[Set forth an agreed statement of the issues to be tried.]

## V.  PLAINTIFF'S EXHIBITS

## VI.  DEFENDANT'S EXHIBITS

No exhibit not listed below may be used at trial except (a) for cross-examination purposes or (b) if good cause for its exclusion from the pretrial order is shown.

[Each side shall list all exhibits it intends to offer on its case in chief. The list shall include a description of each exhibit. All exhibits shall be premarked.

[In cases likely to involve substantial numbers of deposition exhibits, the parties are encouraged to agree at the outset of discovery to assign a unique exhibit number or letter to each exhibit marked at any deposition so that exhibit designations used in deposition transcripts may be used without change at trial. Absent use of such a system, plaintiff's trial exhibits shall be identified by Arabic numerals and defendant's by letters (e.g., PX 1, DX 1, D-Jones A, D-Smith C).]

## VIII.  STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

Any objections not set forth herein will be considered waived absent good cause shown.

[The parties shall set forth any stipulations with respect to the authenticity and admissibility of exhibits and indicate all objections to exhibits and the grounds therefor.]

## IX.  PLAINTIFF'S WITNESS LIST

## X.  DEFENDANT'S WITNESS LIST

The witnesses listed below may be called at trial. No witness not identified herein shall be permitted to testify on either party's case in chief absent good cause shown.

[Each party shall list the witnesses it intends to call on its case in chief and, if a witness's testimony will be offered by deposition, shall designate by page and line numbers the portions of the deposition transcript it intends to offer. Each party shall set forth any objections it has to deposition testimony designated by the other and the basis therefor.]

9

## XI.  RELIEF SOUGHT

[The plaintiff shall set forth the precise relief sought, including each element of damages. If the plaintiff seeks an injunction, the proposed form of injunction shall be set forth or attached.]

Dated:

_____
U.S.D.J.

[Signatures of counsel]

```
*  *  *  Communication Result Report ( Dec. 28. 2007 12:08PM ) *  *  *
```

```
                                                          1) Lennon, Murphy & Lennon LLC
                                                          2) Tide Mill Landing, Southport
```

Date/Time: Dec. 28. 2007 11:22AM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 2877 Memory TX | 0119 3322695384#1247 | P. 60 | E-1)1)1)1)1) | P. 4-60 |
| | 0119 2240304650#1247 | | OK | |

```
Reason for error
  1) Hang up or line fail          E. 2) Busy
  3) No answer                     E. 4) No facsimile connection
  5) Exceeded max. E-mail size
```

**LENNON, MURPHY & LENNON, LLC** — *Attorneys at Law*

The Greybar Building                Patrick F. Lennon - pfl@lenmur.com        Tide Mill Landing
420 Lexington Ave., Suite 300       Charles E. Murphy - cem@lenmur.com        2425 Post Road
New York, NY 10170                  Kevin J. Lennon - kjl@lenmur.com          Southport, CT 06890
phone: (212) 490-6050               Nancy R. Peterson - nrp@lenmur.com        phone: (203) 256-8600
fax: (212) 490-6070                                                           fax: (203) 256-8615

December 28, 2007

*Via DHL*
*Via Facsimile: 011 91 33 2269 5384 / 011 91 22 4030 4650*
*Via E-Mail: corpres@trexpo.com / ak.seriah@trexpo.com*
Trexpo Enterprises Private Limited
Imperial House
42/1 Strand Road
Kolkata – 700 0007
India

        Re:   *Kolmar Group AG v. Trexpo Enterprises Private Limited*
              Docket No:   07 Civ. 10343 (LAK) – U.S. District Court, SDNY
              LML ref: 07-1247

Dear Sir or Madam:

        We represent the Plaintiff, Kolmar Group AG, in the above referenced lawsuit. We write
to advise you that pursuant to an ex parte order of maritime attachment and garnishment issued
in the above referenced lawsuit, your property was attached at Wachovia Bank on or about
December 19, 2007 in the amount of $30,000.

        Please find attached to this letter the following pleadings filed in the above referenced
lawsuit including, the Complaint, Affidavit in Support, Rule 2.1 Statement, Ex-Parte Order,
Process of Attachment, Initial Conference Order and also the Individual Rules for Honorable
Judge Lewis A. Kaplan.

        Should you have any questions or concerns, please contact us at your convenience.

        This letter is sent pursuant to Local Rule 3.2 of the Local Rules for the United States
District Court for the Southern District of New York.

                                                Very truly yours,

                                                Kevin J. Lennon

KJL/aks
Encl.